IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-003404-RBJ

JATOI L. ROBINSON,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

---

ORDER AFFIRMING THE DENIAL OF BENEFITS

---

This matter is before the Court on review of the Social Security Administration ("SSA") Commissioner's decision denying claimant Jatoi L. Robinson's application for Supplemental Security Income ("SSI"). Jurisdiction is proper under 42 U.S.C. § 405(g). For the reasons explained below, the Court AFFIRMS the Commissioner's decision and DENIES Ms. Robinson's application (ECF No. 14).

## I. BACKGROUND

### A. Factual Background

Ms. Robinson (the claimant) was born on March 30, 1999, making her 19 on the date of her SSI application. Administrative Record (AR), ECF No. 14 at 22. Ms. Robinson suffers from post-traumatic stress disorder (PTSD), social anxiety disorder, depressive disorder, and premenstrual dysphoric disorder. AR 17. She takes medications to control these ailments. AR

1

188. Despite her medication, she claims that her impairments render her unable to perform sustained work activity. ECF No. 18 at 3.

At the time of her administrative hearing, Ms. Robinson, then 20 years old, had been enrolled in a nail tech class. AR 33. Ms. Robinson testified that this class, though only four hours a day five days a week, caused her substantial difficulties. It regularly triggered her anxiety, causing her to mess up manicures, be unable to finish working with clients, and miss classes multiple days a month. AR 38–41. Ms. Robinson testified that her teacher and peers accommodated her limitations by finishing up clients for her and allowing her regular breaks to calm down. *Id.* Ms. Robinson experienced similar difficulties during school, where she received special accommodations for her "serious emotional disability." AR 147. These accommodations allowed her to obtain her GED. *See* AR 33. Ms. Robinson currently lives with her two-year-old son and her mother, who helps take care of the baby. AR 36. Ms. Robinson previously worked as a hostess at a restaurant, but that caused anxiety attacks. *Id.* She has not engaged in substantial gainful activity since the date of her SSI application. AR 17.

### B. Procedural Background

Ms. Robinson applied for SSI benefits on March 28, 2018. AR 15. She alleged a disability beginning January 1, 2012. After initial denial of her application, Ms. Robinson received a hearing before an Administrative Law Judge (ALJ) on January 23, 2020. AR 31 *et seq*. The ALJ denied Ms. Robinson's application on March 11, 2020. AR 12. The Appeals Council (AC) confirmed denial on September 16, 2020, making the ALJ's decision the final position of the Commissioner of Social Security. AR 1. On November 17, 2020 Ms. Robinson filed a timely appeal in this Court. ECF No. 2.

### C. The ALJ's Decision

The ALJ evaluated the evidence of Ms. Robinson's alleged disabilities according to the SSA's standard five-step process. AR 16. At step one, the ALJ found that Ms. Robinson had not engaged in substantial gainful activity since the date of her SSI application. AR 17. At step two, the ALJ found that Ms. Robinson suffered from three severe impairments: PTSD, social anxiety disorder, and depressive disorder. *Id.* The ALJ found that Ms. Robinson's premenstrual dysphoric disorder only mildly limited Ms. Robinson's ability to work and was therefore not severe. *Id.*

At step three, the ALJ found that Ms. Robinson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. AR 17–18. The ALJ analyzed four categories of mental impairments (known as the paragraph B criteria). *Id.* The ALJ found moderate limitations in the claimant's ability to "understand[], remember[], or apply[] information" and "interact[] with others." *Id.* She found mild limitations in the claimant's ability to and "adapt or manage herself" and "concentrate, persist, or maintain pace." AR 18. The ALJ contrasted the claimant's general statements about her mental capacities with testimony about the claimant's ability to complete specific tasks and medical evidence. AR 17–18. The ALJ also determined that Ms. Robinson did not meet the "paragraph C criteria." AR 18.

Before proceeding to step four, the ALJ found that Ms. Robinson had the residual functioning capacity (RFC) to perform work consisting of simple and routine tasks that involve little to no interactions with the public. AR 19. At this step, the ALJ identified the mental impairments that could reasonably be expected to produce Ms. Robinson's symptoms. AR 19.

3

The ALJ detailed the claimant's challenges and abilities, citing the claimant's reports to medical professionals and her testimony at the administrative hearing. *Id.*

The ALJ then evaluated the intensity, persistence, and limiting effects of Ms. Robinson's symptoms. Here, the ALJ found Ms. Robinson's descriptions of her symptoms and limitations "not entirely consistent with medical testimony and other evidence in the record." AR 19–20. The ALJ pointed out inconsistencies between Ms. Robinson's description of her symptoms and her symptoms as outlined in medical records. AR 20–21. She then detailed various medical opinions and her reasons for finding them persuasive or unpersuasive. AR 21–22.

The ALJ proceeded to find that, while Ms. Robinson's RFC did not allow her to perform her past work as a hostess or her current/future work as a nail tech, the national economy contained sufficient jobs within the claimant's ability. AR 22–23. The ALJ listed the jobs of laundry worker, routing clerk, cleaner, inserting machine operator, and machine tender as examples. AR 23.

## II.    STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). To be disabling, a claimant's conditions must be so limiting as to preclude any substantial gainful work for at least twelve consecutive months. *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995).

This appeal is based upon the administrative record and the parties' briefs. In reviewing a final SSA decision, the District Court examines the record and determines whether it contains substantial evidence to support the decision and whether SSA applied correct legal standards.

*Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). "[T]he threshold for evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted). The District Court's determination of whether the ruling by the ALJ is supported by substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). A decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). Evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Reversal may be appropriate if the Commissioner applies an incorrect legal standard or fails to demonstrate that the correct legal standards have been followed. *Winfrey*, 92 F.3d at 1019.

### III.   DISCUSSION

Ms. Robinson challenges the ALJ's decision on four interrelated grounds. First, she contends that Ms. Robinson's testimony was not inconsistent with other evidence in the record, contrary to the ALJ's determination. ECF No. 18 at 5–7. Second, she contends the SSA erred in declining to consider a statement by the claimant's mother that the claimant's attorney, for understandable reasons, had erroneously submitted to the wrong file. *Id.* at 6–7. Third, Ms. Robinson argues that the ALJ erred in her assessment of medical opinions by finding persuasive the opinion of Dr. Naplin, who had not treated the claimant, and finding unpersuasive the opinion of Dr. Van De Polder, who had treated Ms. Robinson. *Id.* at 7. Finally, Ms. Robinson claims that the ALJ's improper consideration of the testimony and medical opinions led her to

inaccurately determine Ms. Robinson's RFC. *Id.* at 8. I will first consider the ALJ's evaluation of the medical opinions and then turn to Ms. Robinson's other claims.

### A. The ALJ's Assessment of the Medical Opinions

Sufficient evidence supported the ALJ's decision to find Dr. Naplin's opinion persuasive and Dr. Van De Polder's opinion unpersuasive. An ALJ is required to assess the persuasiveness of medical opinions using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c)(1)-(5); ECF No. 17 at 16; ECF No. 18 at 8–9. The ALJ must explain how she considered the first two factors, supportability and consistency, but need explain her consideration of factors three through five only if she finds two or more medical opinions equally persuasive, that is, equally well-supported and consistent with the record. 20 C.F.R. § 404.1520c(b)(2).

Dr. Naplin found the claimant moderately impaired in her ability to understand and remember detailed instructions and her ability to accept instructions and respond appropriately to criticism. AR 56–57. The ALJ found Dr. Naplin supported her opinion with citations to mental health examinations. AR 21. She found that, insofar as Dr. Naplin's finding did not reflect greater social limitations, it was consistent with the claimant's decision to pursue a career as a manicurist. *Id.*

Dr. Van De Polder found the claimant had marked limitations in her understanding and memory, her ability to sustain concentration and persist, and her ability to interact socially. AR 697–98. The ALJ found Dr. Van De Polder's opinion unsupportable because it did not cite to any specific medical finding. AR 22. She found Dr. Van De Polder's opinion inconsistent with a slew of mental examination findings demonstrating that the claimant had normal memory and

concentration. *Id.* The ALJ did not note that Dr. Van De Polder opined that the claimant could work on a regular and sustained basis despite her impairment, AR 699, or that she appeared to opine that the claimant had only moderate limitations overall, AR 697.

Ms. Robinson contends that the ALJ erred in her analysis of the medical opinions by failing to give proper weight to Dr. Van De Polder's opinion. She argues that because Dr. Van De Polder had a longer treatment relationship with the claimant and had directly examined her, the ALJ was required to give Dr. Van De Polder's opinion more weight under 20 C.F.R. §§ 404.1520c(c)(3)(i) and (c)(3)(v). [1] This argument misunderstands the regulations. The relevant sections help guide an ALJ in evaluating medical opinions but do not direct her conclusion. More importantly, the length of a treatment relationship and the examining relationship are factors that an ALJ need not explain unless she finds two medical opinions equally persuasive. *See* 20 C.F.R. § 404.1520c(b)(2). Because the ALJ did not find Dr. Naplin's and Dr. Van De Polder's opinions equally persuasive, she did not err in failing to account for differences in the length of treating relationship and the examining relationship.

### B. The ALJ's Assessment of Ms. Robinson's Credibility

The ALJ found the claimant's description of her symptoms not entirely consistent with other evidence in the record. AR 19–21. Ms. Robinson argues that the ALJ improperly evaluated her credibility because the record contains evidence supporting her testimony. ECF No. 18 at 5–7. Ms. Robinson contends that her engagement in a nail tech program was not

---

[1] Ms. Robinson's reply brief directs this Court to 20 C.F.R. §416-920, which explains generally how disability applications are evaluated. ECF No. 18 at 7; ECF No. 22 at 2. Her arguments deal with specific criteria for evaluating medical sources that are described in a different section, 20 C.F.R. § 404.1520c. I construe her arguments as if she had cited to the proper section of the C.F.R § 404.1520c(b)(2).

inconsistent with debilitating anxiety because she had "gotten used to" her classmates and still experienced difficulties. *Id.* at 6. Moreover, the claimant's testimony about the limiting effects of her symptoms were supported by a letter from her mother, who had extensive firsthand experience with the claimant. *Id.* at 6–7.

Ms. Robinson provides good reasons why a different factfinder might have credited Ms. Robinson's testimony. She does not demonstrate that this ALJ's decision was "overwhelmed by other evidence in the record." *Bernal*, 851 F.3d at 299. The sufficiency standard under which this Court reviews ALJ decisions is "not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1154, 1157. I find that the ALJ did not commit reversible error in her analysis of Ms. Robinson's credibility. Because the ALJ did not improperly analyze the medical opinions and Ms. Robinson's testimony, she did not err in determining Ms. Robinson's RFC.

### C. The AC's Decision Not to Exhibit Additional Evidence

Ms. Robinson's attorney, due to significant personal hardship, accidentally submitted a statement from Ms. Robinson's mother to the wrong file so that it was not considered by the ALJ. ECF No. 18 at 6. The AC accepted but did not discuss the letter, finding that it did not show a reasonable probability of changing the outcome. AR 2. Ms. Robinson argues that the letter needed to be considered by an adjudicator. ECF No. 18 at 6–7. I disagree. The AC only receives additional evidence for which there is reasonable probability that the additional evidence would change the outcome. 20 C.F.R. § 416.1470(a)(5). In denying review, the AC explained that the additional evidence likely would not have changed the outcome. To the extent

this decision is reviewable,[2] it withstands judicial scrutiny because the letter was cumulative of Ms. Robinson's testimony and the function report filled out by Ms. Robinson's mother.

## IV.   ORDER

The Court does not doubt that Ms. Robinson's struggles with mental health are serious and cause her and her loved ones substantial hardship.  However, after reviewing the record and the parties' briefs, I do not find that her arguments on appeal warrant a reversal of the ALJ's decision.  Accordingly, for the reasons described above, the Court affirms the Commissioner's decision denying Ms. Robinson's application for SSI.

DATED this 5th day of January, 2022.

BY THE COURT:

R. Brooke Jackson
United States District Judge

---

[2] Some caselaw suggests that a denial of review by the AC is not evaluated under the same standard as an ALJ's considered decision.  *See Vallejo v. Berryhill*, 849 F.3d 951, 956 (10th Cir. 2017) (holding that the AC is "not required to follow the same rules" as an ALJ when denying review).